UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2017 MAY 31  P 3:52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:17-cv-350-WKW

DARRELL LAMAR MARSHALL,
        Plaintiff,

V.

UNITED STATES OF AMERICA,
UNITED STATES DISTRICT JUDGE, HAROLD ALLBRITTON, IN HIS OFFICIAL CAPACITY, UNITED STATES DISTRICT JUDGE, MYRON THOMPSON, IN HIS OFFICIAL CAPACITY, UNITED STATES ATTORNEY's OFFICE, IN THEIR OFFICIAL CAPACITY, THE FEDERAL MEDICAL CENTER, IN THEIR OFFICIAL CAPACITY.
        Defendants.

CIVIL RIGHTS COMPLAINT
VIOLATION OF TITLE 42 USC SECTION 1983 INEQUITY
VIOLATION OF TITLE 42 USC SECTION 1985
VIOLATION OF TITLE 42 USC SECTION 1986
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
VIOLATION OF FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS TO
DUE PROCESS OF LAW AND IMMUNITIES
VIOLATION OF SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO
EFFECTIVE ASSISTANCE OF COUNSEL

Now comes, plaintiff Darrell L. Marshall and states that, there is legal action pending in the Sixth Circuit Court of Appeals that is related to this case. Refer to Sixth Circuit case number 17-1183 Darrell L. Marshall V. City of Detroit et; al. There is a Motion pending for Stay of Judgement to conduct an Evidentiary Hearing and to Enter an Injunction Pursuant to the Americans with Disabilities Act.

On November 21, 2000 United States District Judge, George C. Steeh in the United States District Court, Eastern District of Michgan entered an order identifying plaintiff as a vexatious litigant and enjoining plaintiff from filing any further law suits before obtaining leave from the court and further precluded and restrained plaintiff from raising issues that was raised in previous law suits.

The order enjoining plaintiff from filing any further law suits is bias, tacit authorization to discriminate against plaintiff because of his mental disabilities and further take away all of plaintiff's **Constitutional Rights.**

In 1993 United States District Judges, Harold Allbritton and Myron Thompson, acted in their official capacity and **Under Color of Federal and State Law, with Malicious Intent** and concealed medical and debilitating evidence that is in favor of plaintiff, and further applied fraudulent psychotic evidence to maliciously prosecute plaintiff while plaintiff was deemed incompetent to stand trial by the Federal Medical Center in Rochester Minnesota and the State of Michigan further causing plaintiff to suffer punitive and compensatory damages in the sum of, $1,000,000,000.00 (One Billion Dollars).

In August 1966 plaintiff's legal mother and legal father was divorced in the Autauga County Circuit Court when plaintiff was age nine. During the divorce settlement, all nine children in the marriage was placed in the legal custody of the legal father. Following the divorce, the legal father placed plaintiff back in the custody of the legal mother stating that plaintiff was not his biological son.

In 1967 a lady was raped and murdered in our home while plaintiff was in the custody of his mother. Plaintiff witnessed the entire incident at age ten. The murder trial was also conducted in the Autauga County Circuit Court and plaintiff was subpoenaed to testify in the murder case. Plaintiff was not allowed to testify in the murder case, plaintiff was not given any mental health treatment and forced to go back to live with my mother the day after the rape and murder took place. Plaintiff was expelled from school at age twelve while attending the seventh grade, plaintiff was forced to go to work at the cotton gin in Prattville Alabama from age twelve to age fifteen, plaintiff lived on the street of Prattville Alabama from age fourteen to age fifteen and plaintiff sustained a traumatic brain injury at age fifteen.

In the spring of 1972 the biological father came to the State of Alabama and got plaintiff and brought plaintiff back to the State of Michigan, City of Detroit while plaintiff suffered severe emotional trauma, severe depression, and anxiety disorders, (Post Traumatic Stress), and a traumatic brain injury. Plaintiff lived with the biological father for about two years and ended up living back on the street of Detroit Michigan while experiencing severe psychiatric problems.

In 1979 plaintiff got into a job training program call CETA. Plaintiff completed the job training program with Wayne County in Detroit Michigan then started taking technical trades, (Plumbing heating, carpentry, and real estate brokerage).

3

In 1980 plaintiff also started mental health treatment and in 1983 plaintiff applied for social security benefits. On April 20, 1983 plaintiff was approved for social security supplemental income. In 1983 plaintiff also started adult education and obtained a GED certificate.

On April 24, 1984 about one week before the adult education graduation ceremony, plaintiff was leaving school walking in the City of Detroit Michigan. Plaintiff was stopped by Detroit Police officers Bradford Cook and John Doe. Plaintiff was struck with the pistol of police officer Bradford Cook by officer Bradford Cook. The butt of the gun struck plaintiff below the left eye and the barrel of the gun struck plaintiff in the left temple area causing a traumatic brain injury. Plaintiff was arrested taken to jail then transffered from jail to Detroit Receiving Hospital. Please see attached exhibit (A), the arrest record and medical report.

From April 24, 1984 to the present, the Detroit Police Department, Detroit Receiving Hospital, Henry Ford Hospital, Beaumont Hospital, the Federal Medical Center in Rochester Minnesota, and several physicians has conceal the traumatic brain injury and post traumatic stress disorder and applied the fraudulent psychotic diagnosis of schizophrenia, paranoid delusional type and a dangerous and psychotic criminal.

From April 24, 1984 to the present, plaintiff have been unable to consume medication, (anti-depressants, high blood pressure medication, and pain medications), because of the traumatic brain injury.

4

Also, when under court order to consume anti-psychotic medication, the anti-psychotic medications causes an adverse reaction and flashbacks of plaintiff's abusive and neglectful childhood and traumatic experences.

Subsequent to the brutal assault and traumatic brain injury caused by Detroit Police on April 24, 1984 plaintiff was homeless and unable to get proper medical and psychiatric treatment and plaintiff committed a crime at the Federal Courthouse in Detroit Michigan hoping to get proper medical and psychiatric treatment. There is a video tape of the entire incident at the Federal Courthouse in Detroit Michigan that is in the possession of channel 2 Fox News that will prove the intent of plaintiff. The incident occurred on December 27, 1989.

Subsequent to the incident at the Federal Courthouse in Detroit Michigan that occurred on December 27, 1989, plaintiff was transferred to the Federal Medical Center in Rochester Minnesota for a competency evaluation. Plaintiff was diagnosed with child developmental disabilities, post traumatic stress, and a traumatic brain injury and returned to Detroit Michigan for trial. United States District Judge, Bernard Friedman never conducted a competency hearing, forced plaintiff to plead guilty to malicious destruction of government property and placed on three years Federal Probation. While on Federal Probation, plaintiff was under court order to consume psychiatric medication. While consuming the psychiatric medication, plaintiff continued to experience severe medical and psychiatric problems and flashbacks.

In the summer of 1991 plaintiff was arrested on charges of Break-

5

ing and entering with the intent to committed rape or larceny. Plaintiff was ordered to undergo a competency evaluation by the Wayne County Circuit Court in Detroit Michigan. Plaintiff was deemed incompetent to stand trial by the State of Michigan, Forensic Center and recommended for a fifteen month hospitalization at Northville State psychiatric hospital. The Wayne County Prosecutor's office was required to transport plaintiff from jail to the State Mental Hospital but, plaintiff was never transferred to the mental hospital and was released from jail to the streets with no place to live in the middle of the winter in Detroit Michigan. Plaintiff then left Detroit Michigan and returned home to Prattville Alabama to live with his mother and grandmother.

On the day that plaintiff arrived in Montgomery Alabama, plaintiff reported to the United States Probation Department in Montgomery Alabama.

A few days after arriving at plaintiff's mother and granmother's house, the United States Marshals in Montgomery Alabama came to plaintiff's mother and grandmother's house at 5:00 in the mourning, kicked in the front door while plaintiff was sleeping, kicked in plaintiff's bedroom door with their guns drawn, plaintiff was having flashbacks of being struck with a pistol by Detroit police, plaintiff paniced and grabed the pistol of one of the United States Marshals. Plaintiff was arrested and charged with violation of Federal Probation and assault on a Federal agent.

6

The United States District Court, Middle District of Alabama ordered a second competency evaluation to be conducted at the Federal Medical Center in Rochester Minnesota in February 1993. The Federal Medical Center concealed the initial competency evaluation report that diagnosed plaintiff with child developmental disabilities, post traumatic stress, and a traumatic brain injury and applied fraudulent psychotic evidence stating that plaintiff was schizophrenic paranoid delusional type and a dangerous and psychotic criminal. See exhibits (B) and (C), the competency evaluation reports From the Federal Medical Center that was conducted in January and February of 1990 and the State of Michigan Forensic Center in 1992.

Plaintiff was transferred from the Federal Medical Center back to the United States District Court, Middle District of Alabama for trial proceedings. United States District Judges Harold Allbritton and Myron Thompson found plaintiff competent to stand trial, barred plaintiff from raising the issue of insanity, denied plaintiff effective assistance of counsel, denied plaintiff due process of law,(an evidentiary hearing), convicted plaintiff and sentenced plaintiff to Federal prison while plaintiff was deemed incompetent to stand trial by the State of Michigan

The United States of America and United States District Judges, Harold Allbritton and Myron Thompson initiated the conspiracy to conceal personal disabilities plaintiff had sustained, discriminated against plaintiff because of his mental disability, and further vio-

7

lated a **Declaratory Decree, (THE AMERICANS WITH DISABILITIES ACT).**

Date: May 29, 2017

*Darrell L. Marshall*
DARRELL LAMAR MARSHALL, PRO SE
15794 STEEL ST.
DETROIT, MI. 48227

Ph. (313) 502-0801