IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DARRELL LAMAR MARSHALL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:17-cv-350-WKW-DAB |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff Darrell Lamar Marshall, *pro* se, brought this *Bivens* action against the United States of America; United States District Judge Harold Albritton, in his official capacity; United States District Judge Myron Thompson, in his official capacity; the United States Attorney's Office, and the Federal Medical Center.[1] Although Plaintiff lists a number of bare statutory and constitutional "violations" under the heading of "Civil Rights Complaint," the only "claim" that Plaintiff avers with any degree of specificity is that "The United States of America and United States District Judges, Harold Albritton and Myron Thompson initiated the conspiracy to conceal personal disabilities plaintiff had sustained, discriminated against plaintiff because of his mental disability, and further violated a Declaratory Decree, (The Americans With Disabilities Act)." (Doc. 1 at 7). Plaintiff seeks

---

[1] A *Bivens* action, which is brought against federal actors, is the federal counterpart to an action under 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

"punitive and compensatory damages in the sum of, $1,000,000,000.00 (One Billions Dollars)." (Doc. 1 at 2). This matter is before the court on Plaintiff's motions to proceed *in forma pauperis*. (Docs. 2 & 4). After careful consideration, it is recommended that the instant *Bivens* action be dismissed with prejudice, prior to service of process, under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii), because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

## I.     JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action, and the court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.    BACKGROUND AND STATEMENT OF FACTS[2]

On May 31, 2017, Plaintiff filed a complaint in this court. (Doc. 1). The Complaint is rambling and narrative in nature, but makes the following statements, which may be reasonably construed as claims for relief.

> In 1993 United States District Judges, Harold Albritton and Myron Thompson, acted in their official capacity and Under Color of Federal and State Law, with Malicious Intent and concealed medical and debilitating evidence that is in favor of plaintiff, and further applied fraudulent psychotic evidence to maliciously prosecute plaintiff while plaintiff was deemed incompetent to stand trial by the Federal Medical Center in Rochester Minnesota and the State of Michigan further causing plaintiff to suffer punitive and compensatory damages in the sum of, $1,000,000,000.00 (One Billion Dollars).

---

[2] These are the facts for purposes of recommending a ruling on this case; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Complaint.

2

(Doc. 1 at 2). Plaintiff alleged that he was "charged with violation of Federal Probation and assault on a Federal agent. *Id.* at 6.

Plaintiff alleges that the "Middle District" ordered a competency evaluation to be conducted on him at the Federal Medical Center in Rochester, Minnesota in February 1993. Plaintiff alleged that the Federal Medical Center concealed an earlier evaluation and "applied fraudulent psychotic evidence stating that plaintiff was schizophrenic paranoid delusional type and a dangerous and psychotic criminal." (Doc. 1 at 7). Plaintiff further alleged that Judge Albritton and Judge Thompson "found plaintiff competent to stand trial, barred plaintiff from raising the issue of insanity, denied plaintiff effective assistance of counsel, denied plaintiff due process of law, (an evidentiary hearing), convicted plaintiff and sentenced plaintiff to Federal prison while plaintiff was deemed incompetent to stand trial by the State of Michigan." *Id*.

## III.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[3] The court must determine whether the cause of action stated in the complaint (1) is frivolous or malicious, (2) fails

---

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**IV. DISCUSSION**

    **A. Claims Against Judge Albritton and Judge Thompson**

"[T]he immunities provided federal officials in *Bivens* actions are coextensive with those provided state officials in § 1983 actions." *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000); accord *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (observing that under *Butz v. Economou*, 438 U.S. 478, 500 (1978), a federal official enjoys the same immunity in a *Bivens* action that a similar state official has for an identical violation under § 1983); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (finding that federal district and circuit judges were entitled to absolute judicial immunity); *Patterson v. Aiken*, 628 F.Supp. 1068, 1071 (N.D. Ga.) (granting federal judges absolute judicial immunity in a *Bivens* action), aff'd, 784 F.2d 403 (11th Cir. 1986); *Page v. Grady*, 788 F.Supp. 1207, 1208 (N.D. Ga. 1992) (granting a federal district judge absolute immunity for signing a seizure warrant and for conducting a trial on drug distribution charges).

In a *Bivens* action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Bolin*, 225 F.3d at 1239 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356; *Bolin*, 225 F.3d at 1239. *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Here, it is clear that Plaintiff's contact with Judge Albritton and Judge Thompson was in their judicial capacity. By his own admission, was before Judge Albritton and Judge Thompson in "the United States District Court, Middle District of Alabama for trial proceedings," convicted, and sentenced. (Doc. 1 at 7). Thus, the first portion of the *Stump* immunity test, which requires that the judge be acting in his judicial capacity, is satisfied. *Simmons*, 86 F.3d at 1085.

The second part of the *Stump* test inquires into whether Judge Albriton and Judge Thompson acted in the "'clear absence of all jurisdiction.'" *Simmons*, 86 F.3d at 1085 (quoting *Stump*, 435 U.S. at 357). Plaintiff has made no allegation that Judge Albritton and Judge Thompson acted non-judicially or in complete absence of all jurisdiction, nor has he provided explanation or facts demonstrating how they might have acted without jurisdiction. Moreover, it is clear that "[t]he judicial power [of the United States] shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and treaties...." U.S. CONST. ART. III, § 2. Thus, when Judge Albritton and Judge Thompson entered orders and rulings in Plaintiff's federal criminal case, they were acting within their jurisdiction. Although Plaintiff contends, without pleading any facts in support thereof, that the judges conspired to erroneously rule that he was competent to stand trial, an error by a judge in a ruling or in the handling of a case does not divest a judge of jurisdiction over an action before him. *See Stump*, 435 U.S. at 363-64 (holding that judicial immunity extends to judicial acts that may contain error).

6

Because both prongs of the *Stump* test are satisfied, Judge Albritton and Judge Thompson are entitled to absolute judicial immunity from Plaintiff's claims. Accordingly, the undersigned finds that Plaintiff's claims against Judge Albritton and Judge Thompson are frivolous as a matter of law and recommends that they be dismissed. *Neitzke*, 490 U.S. at 327..

**B.  § 1983 Claims Against United States Attorney's Office and the Federal Medical Center.**

Plaintiff names the United States Attorney's Office as a Defendant to this action. However, Plaintiff fails to make any allegation regarding or to state any claim against the United States Attorney's Office. As to the Federal Medical Center, Plaintiff alleges that in 1990, "The Federal Medical Center concealed the initial competency evaluation report that diagnosed plaintiff with child developmental disabilities, post traumatic stress, and a traumatic brain injury and applied fraudulent psychotic evidence stating that plaintiff was schizophrenic paranoid delusional type and a dangerous and psychotic criminal." (Doc. 1 at 7).

A *Bivens* action may not be brought against the United States Attorney's Office or the Federal Medical Center, which is a facility operated by the Federal Bureau of Prisons, because such actions may not be brought against agencies of the federal government. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Young v. SouthTrust Bank, N.A.*, 51 F. Supp.2d 1274, 1281 (M.D. Ala. 1999)("[A] *Bivens* action for damages for violation of constitutional rights may not be brought against

7

a federal agency but may only be brought against individual federal employees."). Accordingly, the undersigned finds that Plaintiff's claims against the United States Attorney's Office and the Federal Medical Center are also frivolous as a matter of law and recommends that they be dismissed.

## V.     CONCLUSION AND RECOMMENDATION

Accordingly, because Plaintiff fails to state any viable claim, Plaintiff's motions to proceed *in forma pauperis* are **DENIED**. (Docs. 2 & 4).

Further, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.  Plaintiff's claims against all Defendants be **DISMISSED** with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii).

2.  This case be dismissed prior to service of process as required by the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii).

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **October 24, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the

party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended and DONE** and **ORDERED** this 10th day of October 2017.

David A. Baker
United States Magistrate Judge