IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL LAMAR MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-350-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are the Magistrate Judge's Recommendation (Doc. # 7), Plaintiff's objections to the Recommendation (Doc. # 9), Plaintiff's Motion to Transfer and Consolidate for Pretrial Proceedings Pursuant to Rules for Multidistrict Litigation Under 28 U.S.C. § 1407 (Doc. # 11), and Plaintiff's Motion for Immediate Consideration of Petition to Proceed *In Forma Pauperis* and for Preliminary Injunction (Doc. # 12). As explained below, the Recommendation is due to be adopted, Plaintiff's objections are due to be overruled, and Plaintiff's motions are due to be denied.

### **I. THE RECOMMENDATION AND PLAINTIFF'S OBJECTIONS**

On October 10, 2017, the Magistrate Judge filed a Recommendation that all of Plaintiff's claims be dismissed prior to service of process pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  (Doc. # 7.)  The Magistrate Judge construed Plaintiff's *pro se* Complaint (Doc. # 1) as a *Bivens* action (Doc. # 7, at 1) before finding that each Defendant is immune from Plaintiff's claims (Doc. # 7, at 5–8) and that Plaintiff's claims "are frivolous as a matter of law" (Doc. # 7, at 7, 8).

Plaintiff made three separate (but somewhat overlapping) objections to the Recommendation.  (Doc. # 9.)  First, Plaintiff accused the Magistrate Judge of bias.  (Doc. # 9.)  Indeed, Plaintiff's objection appears to include a motion to disqualify the Magistrate Judge (Doc. # 9, at 2), which the Magistrate Judge properly denied (Doc. # 10).  As the Magistrate Judge observed, "it appears that Plaintiff does not accept [the Magistrate Judge's] basis for the report and recommendation, and therefore concludes, without any factual support, that the only explanation for such a ruling must be bias against Plaintiff."  (Doc. # 10, at 4.)  Such an unsupported accusation of bias fails to undermine the sound reasoning in the Recommendation.

Second, Plaintiff argued that the Magistrate Judge erred by construing his Complaint as a *Bivens* action.  (Doc. # 9, at 2.)  Admittedly, Plaintiff did not cite *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  But based on the allegations in his Complaint—which the Magistrate Judge fairly described as "rambling and narrative in nature" (Doc. # 9, at 2)—*Bivens* offered Plaintiff his best hope for relief.  The Magistrate Judge thus did not err in construing Plaintiff's Complaint as a *Bivens* action.

Third, Plaintiff argued that the Magistrate Judge wrongly denied him due process. (Doc. # 9, at 2.) Specifically, Plaintiff asserts that "[t]he court must conduct an evidentiary hearing prior to reclassifying the case, afford plaintiff the opportunity to amend the complaint, and afford plaintiff the opportunity to mediate the case prior to the court making the final decision." (Doc. # 9, at 2.) But Plaintiff simply is not entitled to the process he seeks. To the contrary, the court must dismiss this action under 28 U.S.C. § 1915(e)(2)(B) because it "is frivolous," "fails to state a claim on which relief may be granted," and "seeks monetary relief against . . . defendant[s] who [are] immune from such relief." *Id.*

In short, each of the arguments Plaintiff makes in his objections is without merit. His objections are thus due to be overruled, and the Recommendation is due to be adopted.

## II. PLAINTIFF'S PENDING MOTIONS

Plaintiff has also filed two motions that are currently pending. The first is Plaintiff's Motion to Transfer and Consolidate for Pretrial Proceedings Pursuant to Rules for Multidistrict Litigation Under 28 U.S.C. § 1407. (Doc. # 11.) That motion is frivolous and therefore due to be denied.

The second is Plaintiff's Motion for Immediate Consideration of Petition to Proceed *In Forma Pauperis* and for Preliminary Injunction. (Doc. # 12.) To the extent Plaintiff's motion seeks immediate consideration of Plaintiff's earlier motions

to proceed *in forma pauperis* (Docs. # 2, 4), it is due to be denied as moot because the Magistrate Judge has already denied Plaintiff's earlier motions (Doc. # 7, at 8). To the extent Plaintiff's motion seeks a preliminary injunction, it is due to be denied because Plaintiff has failed to meet his burden of establishing the prerequisites for preliminary injunctive relief. *See, e.g.*, *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009).

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 7) is ADOPTED;

2. Plaintiff's claims against all Defendants are DISMISSED with prejudice under the 28 U.S.C. § 1915(e)(2)(B);

3. This case is DISMISSED prior to service of process as required by 28 U.S.C. § 1915(e)(2)(B);

4. Plaintiff's Motion to Transfer and Consolidate for Pretrial Proceedings Pursuant to Rules for Multidistrict Litigation Under 28 U.S.C. § 1407 (Doc. # 11) is DENIED; and

5. Plaintiff's Motion for Immediate Consideration of Petition to Proceed *In Forma Pauperis* and for Preliminary Injunction (Doc. # 12) is DENIED.

A final judgment will be entered separately.

DONE this 19th day of January, 2018.

                                        /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE