**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 04, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-10655-EE
Case Style: Darrell Marshall v. USA, et al
District Court Docket No: 2:17-cv-00350-WKW-DAB

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10655
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00350-WKW-DAB

DARRELL LAMAR MARSHALL,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
W. HAROLD ALBRITTON, III,
United States District Judge, in his official capacity,
MYRON H. THOMPSON,
United States District Judge, in his official capacity,
U.S. ATTORNEY'S OFFICE,
in their official capacity,
THE FEDERAL MEDICAL CENTER,
in their official capacity,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 4, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Darrell Marshall appeals *pro se* the *sua sponte* dismissal of his complaint. 28 U.S.C. § 1915(e)(2)(B). Marshall challenges the denial of his motion for the magistrate judge to recuse and the treatment of his action as raising constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Marshall also argues that the summary disposition of his complaint violated his right to due process. We affirm.

The district court did not abuse its discretion when it denied Marshall's motion to recuse. Marshall alleged that the magistrate judge was "bias[ed]," but Marshall failed to file an affidavit stating that the magistrate judge was prejudiced against him or that the magistrate judge possessed personal knowledge of the case that required recusal. *See* 28 U.S.C. § 144. Marshall's status as a *pro se* litigant did not excuse him from providing an affidavit in support of his motion. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Marshall also alleged that the magistrate judge engaged in "misconduct . . . [by] misconstru[ing] [the] Civil Rights Complaint as a *Bivens* action and recommend[ing] that the case be dismissed," but Marshall's disagreement with the magistrate judge's adverse

rulings did not constitute a valid ground for recusal. *See Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004).

The district court reasonably construed Marshall's complaint as a *Bivens* action. Civil actions against state officers for violating a plaintiff's federal constitutional rights are governed by a federal statute, 42 U.S.C. § 1983, while *Bivens* recognizes a cause of action against federal officers for violations of federal constitutional rights. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Marshall did not allege that any defendant violated his federal constitutional rights while acting under color of state law as required to state a claim under section 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). As the district court stated, *Bivens* offered Marshall his "best hope for relief" because he alleged wrongdoing by federal actors. Marshall complained that two federal district judges, the United States Attorney's Office, the Federal Medical Center, and the United States of America conspired to conceal his mental disabilities, discriminated against him because of his mental disability, and violated the Americans With Disabilities Act.

The district court did not abuse its discretion by dismissing Marshall's complaint as frivolous. When an "action . . . is frivolous," 28 U.S.C. § 1915(e)(2)(B)(i), by being "without arguable merit either in law or fact," *Napier*

3

*v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)), the district court must dismiss the action and may do so *sua sponte* before service of process, *Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001). Marshall's complaint is frivolous because the district judges enjoy absolute judicial immunity, *see Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), and because *Bivens* does not provide for an action against federal agencies like the United States Attorney's Office and the Federal Medical Center, *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994), or against the United States, *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986), all of which enjoy sovereign immunity. Marshall does not challenge the dismissal of his claim under the Disabilities Act, so we deem abandoned any argument he could have made contesting that adverse ruling. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned . . . .").

The district court did not violate Marshall's right to due process by *sua sponte* dismissing his complaint. "[D]ue process requires, at a minimum, that . . . persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). The screening procedure under which the district court

dismissed Marshall's complaint as frivolous, 28 U.S.C. § 1915(e)(2)(B)(ii), does not violate due process. *See Vanderberg*, 259 F.3d at 1323. The district court reviewed Marshall's objections to the recommendation of the magistrate judge before entering its final order that dismissed the complaint. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (*sua sponte* dismissal for failure to prosecute did not "offend[ ] due process" given "the availability of a corrective remedy"). And we have reviewed the dismissal of Marshall's complaint *de novo*. These postdecisional procedures provided Marshall ample "meaningful opportunit[ies] to be heard." *See Boddie*, 401 U.S. at 377.

    We **AFFIRM** the dismissal of Marshall's complaint.